MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
Sarah Zenewicz, Bar No. 258068
One Market
Spear Street Tower
San Francisco, CA  94105-1596
Tel:   +1.415.442.1000
Fax:   +1.415.442.1001
eric.meckley@morganlewis.com
sarah.zenewicz@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
Grace Johnson, Bar No. 348394
1400 Page Mill Road
Palo Alto, CA  94304
Tel:   +1.650.843.4000
Fax:   +1.650.843.4001
grace.johnson@morganlewis.com

Attorneys for Defendant
ARAMARK CAMPUS, LLC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDSAY A. VASQUEZ, an individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>ARAMARK CAMPUS, LLC., a Delaware limited liability company; and DOES 1 through 20, inclusive,<br><br>    Defendants. | Case No.  8:23-cv-01780<br><br>**DEFENDANT ARAMARK CAMPUS, LLC'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**<br><br>**[Orange County Superior Court Case No. 30-2023-01342097-CU-WT-CJC]**<br><br>**[28 U.S.C. §§ 1332, 1441, and 1446]** |

DEFENDANT'S NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant Aramark Campus, LLC ("Aramark" or "Defendant") hereby removes the above-entitled action from the Superior Court of the State of California, County of Orange, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because diversity of citizenship exists and the amount in controversy exceeds $75,000.  This removal is based on the following grounds:

## I.     PROCEDURAL BACKGROUND

1.     On August 10, 2023, Plaintiff Lindsay A. Vasquez ("Plaintiff") filed a complaint in the Superior Court of the State of California, County of Orange, entitled *Lindsay A. Vasquez, an individual v. Aramark Campus, LLC; and Does 1 through 20, inclusive* (the "Complaint").

2.     On August 23, 2023, Plaintiff served copies of the Summons and Complaint on the registered agent for Defendant.  True and correct copies of Plaintiff's Summons and Complaint are attached hereto as **Exhibit A**.

3.     Plaintiff alleges seven (7) separate causes of action for: (1) discrimination on the basis of associational disability; (2) failure to reasonably accommodate; (3) failure to engage in a timely, good faith, interactive process; (4) retaliation; (5) failure to prevent discrimination and retaliation; (6) violation of Labor Code Sections 233, 234, and 246.5; (7) wrongful termination in violation of public policy.

4.     The documents attached hereto as **Exhibit B** constitute all the process, pleadings, and orders filed in this action in the Superior Court of the State of California for the County of Orange.

## II.     REMOVAL IS TIMELY

5.     This Notice of Removal is timely filed, pursuant to 28 U.S.C. section

1446(b), in that it is filed within 30 days of service on Defendant.

6.     No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## III.     DIVERSITY JURISDICTION EXISTS

1.     This action is a civil action over which this Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Removal to this Court is proper under the provisions of 28 U.S.C. §§ 1441(a) and (b) because the action involves citizens of different states and the amount in controversy exceeds $75,000.[1]

### A.     Complete Diversity of Citizenship Exists Between the Parties.

2.     A case may be heard in federal court under diversity jurisdiction if there is complete diversity, *i.e.*, all plaintiffs are diverse from all defendants.  28 U.S.C. § 1332(a).  A defendant may remove an action to federal court under 28 U.S.C. § 1332 provided no defendant is a citizen of the same state in which the action was brought.  28 U.S.C. § 1441(a)–(b).  Here, all requirements are met because the Plaintiff is a citizen of California and Defendants are citizens of Delaware and Pennsylvania.

#### 1.     Plaintiff is a Citizen of California.

3.     "An individual is a citizen of the state in which he is domiciled . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).  For purposes of diversity jurisdiction, citizenship is determined by the individual's domicile at the time the lawsuit is filed.  *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

4.     Evidence of continuing residence creates a presumption of domicile. *Washington v. Hovensa LLC*, 652 F.3d 340, 345 (3rd Cir. 2011); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994).  Once the removing party produces evidence supporting that presumption, the burden shifts to the other party

---

[1] Defendant addresses the amount in controversy purely for removal purposes and does not admit that it is liable for any damages whatsoever.

to come forward with contrary evidence, if any, in order to dispute domicile.  *Id.*

5.      In her Complaint, Plaintiff alleges that: "Plaintiff was a resident and now is an individual residing in the County of Orange, State of California."  Exh. A, Compl., ¶ 3.

6.      Plaintiff does not allege any alternative states of citizenship and does not state any facts that would support Plaintiff being a citizen of Delaware or Georgia.

### 2.      Defendant Aramark Campus, LLC, is a Citizen of Delaware and Pennsylvania.

7.      For diversity purposes, "an LLC is a citizen of every state of which its owners/members are citizens."  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

8.      Aramark Campus, LLC is a limited liability company.  Declaration of Amy Golembo in Support of Notice of Removal ("Golembo Decl."), ¶ 3.  Aramark Educational Services, LLC, a Delaware limited liability company, is the sole member of Aramark Campus.  *Id.*  Aramark Educational Group, LLC, a Delaware limited liability company, is the sole member of Aramark Educational Services, LLC.  *Id.*  Aramark Services, Inc. is the sole member of Aramark Educational Group, LLC.  *Id.*  Aramark Services, Inc. is wholly owned by Aramark Intermediate HoldCo Corporation.  *Id.*  Aramark Intermediate HoldCo Corporation is wholly owned by Aramark, a publicly traded corporation. *Id.*  Aramark is incorporated in the State of Delaware and maintains its headquarters in Philadelphia, Pennsylvania.  *Id.*

9.      As a result, Defendant Aramark Campus, LLC is now and, at the time this action commenced, a citizen of Delaware and Pennsylvania.

### 3.      Doe Defendants Are Irrelevant for Purposes of Removal.

10.      The Complaint also names as defendants "DOES 1 through 20, inclusive."  The citizenship of fictitious "Doe" defendants, however, is disregarded

for removal purposes.  28 U.S.C. § 1441(a); *see also Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).

## B. <u>The Amount in Controversy is in Excess of $75,000.</u>

11. While Aramark denies any and all liability to Plaintiff, based on a conservative good faith estimate of the value of the alleged damages in this action, the amount in controversy for Plaintiff's claims exceeds the sum or value of $75,000, exclusive of interest and costs.[2]  The "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014).  "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met.  Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id*., quoting H.R. Rep. No. 112–10, p. 16 (2011).

12. In determining whether a complaint meets the $75,000 threshold amount in controversy set forth in 28 U.S.C. § 1332(a), courts are to consider the aggregate amount of the claims and value of the claims.  *Campbell v. Hartford Life Ins. Co*., 825 F. Supp. 2d 1005, 1008 (E.D. Cal. 2011) (diversity statute confers jurisdiction over entire action, not just specific claims alleged in complaint, and, therefore, claims of a plaintiff are aggregated in order to satisfy amount in controversy).  The fact that a complaint fails to specify the total amount of damages in a dollar amount does not deprive a court of jurisdiction.  *See Banta v. Am. Med.*

[2] This Notice of Removal relies on the nature and amount of damages placed at issue by Plaintiff's Complaint. Defendant's references to specific damage amounts and citation to comparable cases are provided solely for establishing that the amount in controversy more likely than not exceeds the jurisdictional minimum. Defendant maintains that each of Plaintiff's claims is without merit and that Defendant is not liable to Plaintiff. Defendant expressly denies that Plaintiff is entitled to recover any of the damages she seeks in her Complaint. No statement or reference contained herein is intended to constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendants'] liability." *Lewis v. Verizon Communs., Inc*., 627 F.3d 395, 400 (9th Cir. 2010).

*Response Inc.*, 2011 Westlaw 2837642 at *4 (C.D. Cal. July 15, 2011) (defendant may remove suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid removal simply by declining to place a specific dollar claim upon its claim").

13.     "[T]he amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018) ("Where, as here, a plaintiff's complaint at the time of removal claims wrongful termination resulting in lost future wages, those future wages are included in the amount in controversy."); *see also Melendez v. HMS Host Family Rest., Inc.*, No. CV 11-3842, 2011 WL 3760058, at *2 (C.D. Cal. Aug. 25, 2011) (including projected lost wages from alleged adverse employment action to anticipated date of judgment in amount in controversy calculation); *Rivera v. Costco Wholesale Corp.*, No. C 08-02202, 2008 WL 2740399, at *3 (N.D. Cal. July 11, 2008) (considering "lost wages and benefits [that] may accrue" after removal); *Celestino v. Renal Advantage Inc.*, No. C 06-07788, 2007 WL 1223699, at *4 (N.D. Cal. Apr. 24, 2007) (including future lost income in amount in controversy calculation).

14.     The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  Plaintiff alleges in her Complaint that Defendant discriminated and retaliated against her based on her mother's disability.  *See, e.g.,* Exh. A, Compl. ¶¶ 2; 12-28.  Plaintiff seeks to recover "[c]ompensatory and special damages . . . damages for emotional distress . . . damages for past loss of earnings, bonuses, and benefits . . . damages for future loss of earnings, bonuses and benefits . . . attorneys' fees and costs . . . interest . . . [and] punitive damages[.]  *See* Exh. A, Prayer for Relief ¶¶ 1-8.  Were Plaintiff to prevail in this action, the damages could exceed $75,000.

**1.      Plaintiff's Request for Lost Wages Places $96,000 in Controversy.**

15.      Plaintiff's employment with Aramark ended on or about July 1, 2022. Exh. A, Compl. ¶ 26.  Plaintiff has not alleged her rate of pay, but California minimum wage in 2022 was $15.00/hour.  Thus, Plaintiff earned at least $15 per hour as an hourly employee.

16.      Plaintiff's Complaint seeks recovery of back pay and front pay due to Defendants' purportedly wrongful conduct.  *See* Exh. A, Prayer for Relief ¶ 3-4. As of the date of filing, it is approximately fourteen months (or 60 weeks) since Plaintiff was allegedly terminated, and at present Plaintiff's alleged lost back wages total at least **$36,000.00** ($15/hour x 40 hours x 60 weeks).

17.      According to the most recent case-management statistics for U.S. District Courts, a jury trial in this case likely would not occur until at least June 2025.  *See* United States District Courts – Judicial Caseload Profile for the Central District of California (stating median time from filing date to trial is 25.0 months for civil cases in the Central District of California).[3]  Based on the minimum wage rate of $15.00 per hour, and Plaintiff's regular schedule of 40 hours per week, Plaintiff's claim for lost wages would exceed **$96,000.00** ($15/hour x 40 hours x 160 weeks) if trial were completed in September 2025.

**2.      Plaintiff's Request for Emotional Distress Damages Places More Than $75,000 in Controversy.**

18.      Plaintiff alleges that she suffered "emotional distress, humiliation, grief, nervousness, worry, sadness, anger, frustration, embarrassment, helplessness, stress, and related emotional and mental anguish[.]" *See* Exh. A, Compl., Prayer for Relief ¶ 2.  In determining whether the jurisdictional minimum is met, courts consider all recoverable damages, including emotional distress damages.  *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia,* 142 F. 3d 1150, 1155-56 (9th Cir. 1998).

---

[3] Available at fcms_na_distprofile0331.2023.xlsx (live.com).

19.     In employment discrimination actions, juries in California and elsewhere have returned verdicts with substantial awards for non-compensatory damages that far exceed $75,000.  *See EEOC v. Harris Farms, Inc.*, Docket No. 02-CV-06199-AW1-LJ0 (E.D. Cal. Jan. 24, 2005) (jury verdict included damages for $53,000 in past earnings, $91,000 in futures earnings, and $350,000 in emotional distress damages); *Astor v. Rent-A-Center*, Docket No: 03AS048644 (Sacramento Cty. Superior Court Aug. 5, 2005) (jury verdict included $369,000 in economic damages and $250,000 in noneconomic damages); *Pansacola v. Malaysia Airlines*, Docket No.: CV045944 (C.D. Cal. Feb 6, 2006) (jury verdict of $237,537, of which $160,000 was for punitive damages).  Prevailing plaintiffs in employment lawsuits regularly receive more than $75,000 for emotional distress damages alone.  *See, e.g., Keifer v. Bechtel Corp.*, 65 Cal. App. 4th 893, 895 (1998) (upholding jury award in excess of $75,000.00 for emotional distress damages in age discrimination and wrongful termination case); *Ward v. Cadbury Schweppes Bottling Grp.*, 2011 WL 7447633 (C.D. Cal. Dec. 11, 2011) (awarding a total of $7,550,000 in compensatory damages for emotional distress and physical injuries to six plaintiffs in age discrimination and wrongful termination case); *Welch v. Ivy Hill Corp.*, No. BC414667, 2011 WL 3293268 (Los Angeles Sup. Ct. Mar. 8, 2011) (awarding $1,270,000 in pain and suffering to employee in age discrimination action).

20.     "Emotional distress awards in California for wrongful termination in violation of public policy and discrimination under [FEHA]… can be large relative to the underlying economic damages." *Simpson v. Off. Depot, Inc.*, 2010 WL 11597950, at *3 (C.D. Cal. June 21, 2010).  For instance, in *Campbell v. Nat'l Passenger R.R. Corp.*, 2010 WL 625362, at *1 (N.D. Cal. Feb. 18, 2010), the Court awarded $120,000 in non-economic damages in a wrongful termination and discrimination case.  *See also Piutau v. Fed. Express Corp.,* 2003 WL 1936125 (N.D. Cal. Apr. 32, 2003) (awarding non-economic damages of $35,000, or 201% of the $17,381.55 in economic damages awarded for wrongful suspension);

*Francies v. Kapla*, 127 Cal. App. 4th 1381 (2005) (finding that wrongfully terminated plaintiff suffered $425,000 in non-economic damages, 607% of his $70,000 in economic damages). Here, approximating her noneconomic damages at 200% of her economic damages places **$192,000** in emotional distress damages in controversy (i.e., 200% of $96,000.00).

21. Based on a conservative good faith estimate of the value of the alleged emotional distress damages in this action, the amount in controversy for Plaintiff's emotional distress claim itself exceeds $75,000, exclusive of interest and costs. *See, e.g., Silverman v. Stuart F. Cooper Inc.,* No. BC467464, 2013 WL 5820140 (Los Angeles Sup. Ct. July 19, 2013) (awarding $151,333 for emotional distress damages in age discrimination and wrongful termination case); *Aboulafia v. GACN Inc.,* No BC469940, 2013 WL 8115991 (Los Angeles Sup. Ct. Dec. 17, 2013) (pain and suffering awards of at least $250,000 to each of four employees in age discrimination and wrongful termination action).

22. Based on a conservative estimate, Plaintiff's claim for emotional distress places at least $75,000 in controversy.

### 3. Plaintiff's Request for Attorney's Fees Places More than $75,000 in Controversy.

23. Plaintiff also seeks to recover an unspecified amount of attorneys' fees. *See, e.g.*, Exh. A, Compl. ¶¶ 1, 47-48, 70-71, 91-92, 113-114, 131-132, Prayer for Relief ¶ 5. Attorneys' fees are considered for purposes of calculating the amount in controversy when authorized by statute. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007) (attorneys' fees are included in the calculation of the amount in controversy under 28 U.S.C. § 1332(a)); *Sanchez v. Wal-Mart Stores, Inc.*, 2007 WL 1345706, *2 (E.D. Cal.

May 8, 2007) ("Attorney's fees, if authorized by statute or contract, are also part of the calculation"). The reasonable estimation of attorneys' fees for purposes of removal is not limited to only those fees incurred as of the time of removal; rather, it is proper to consider future attorneys' fees that would reasonably accrue through the time the action is resolved. *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018).

24.    Here, Plaintiff' brings claims under FEHA, which allows a "prevailing party" to recover reasonable attorneys' fees. Cal. Gov. Code § 12965(b) ("[T]he court, in its discretion, may award to the prevailing party reasonable attorney's fees and costs, including expert witness fees"); *Simmons*, 209 F. Supp. 2d at 1035 ("The court notes that in its twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages."). Should Plaintiff prevail in this action, she would be entitled to recover her attorneys' fees, which further increases the amount in controversy.

25.    In recent employment cases, courts in this district have treated 300 to 1,700 billable hours as reasonable when awarding damages. *See, e.g., Khraibut v. Chahal*, 2021 WL 1164940, at *24 (N.D. Cal. Mar. 26, 2021) (concluding 1049.31 hours "spent up until the motion for default judgment was filed … [we]re reasonable" in employment case alleging FEHA claims); *Polee v. Cent. Contra Costa Transit Auth.*, 2021 WL 308608 (N.D. Cal. Jan. 29, 2021) (granting attorney fees for "337.8 hours claimed at an hourly rate of $850" in case including FEHA claims); *Newton v. Equilon Enters., LLC*, 411 F. Supp. 3d 856, 879 (N.D. Cal. 2019) (finding "the hours requested to be fair and reasonable" where plaintiff sought to recover "1797.25 hours of billable attorney and paralegal time" in FEHA case).

26.    Additionally, courts have repeatedly held that $300 per hour for attorneys' fees is a reasonable estimate. *See, e.g., Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015) ("This Court and others

have held that a reasonable rate for employment cases is $300 per hour."). Conservatively assuming only 300 attorney hours through trial places at least an additional **$90,000** in controversy (i.e., 300 hours x $300/hour).

27. While Defendants deny any and all liability to Plaintiff, the amount placed into controversy by the Complaint exceeds $75,000, exclusive of interest and costs.

## IV. THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

28. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1441(a) because this district embraces the county—Los Angeles—in which the removed action has been pending.

29. Defendant will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

## V. CONCLUSION

30. Based on the foregoing, Defendant respectfully requests that this action be removed to this Court. If any question arises as to the propriety of the removal of this action, Defendant respectfully request the opportunity to present a brief and oral argument in support of its position that this case is removable.

Dated: September 22, 2023                    MORGAN, LEWIS & BOCKIUS LLP


By   _/s/ Eric Meckley_
     Eric Meckley
     Sarah Zenewicz
     Grace Johnson

     Attorneys for Defendant
     ARAMARK CAMPUS, LLC.